**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL VICARIO, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-cv-6719 |
| ) | |
| v. ) | |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, MICHAEL VICARIO, through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law against CHICAGO TRANSIT AUTHORITY, states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race and disability.

2. Jurisdiction of this Court is based upon federal questions. 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper under 28 U.S.C. §1391(B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

   i. VICARIO filed a charge of discrimination no. 440-2019-06542 with the Equal Employment Opportunity Commission ("EEOC") on July 31, 2019, a copy of which is attached hereto as **Exhibit 1**.

    ii.    The EEOC issued a notice of right to sue to VICARIO for charge no. 440-2019-06542 on August 14, 2020, a copy of which is attached hereto as **Exhibit 2.**

## PARTIES

5. MICHAEL VICARIO ("Plaintiff" or "VICARIO") is a citizen of the United States and the State of Illinois, and currently resides in Chicago, Illinois.

6. CHICAGO TRANSIT AUTHORITY ("CTA" or "Defendant") is an Illinois government agency responsible for the operation of mass transit in Chicago, Illinois and some of Chicago's suburbs. CTA is located in Cook County, Illinois and is organized and existing as a legal entity within the State of Illinois.

7. CTA is an employer as that term is defined under the ADA, 42 U.S.C. Sec. 12111 (4).

## BACKGROUND FACTS

8. VICARIO began his employment with Defendant in May 1993. His most recent position was Coordinator.

9. On or about October 18, 2016, Plaintiff sustained an on the job injury to his back and thereafter exercised his right under the Illinois Worker's Compensation Act to seek worker's compensation benefits.

10. As a result of his work injury, Plaintiff suffered from two bulging discs in his lower back.

11. Due to his work injury, Plaintiff was placed on inactive duty status until approximately May 9, 2017.

12. Beginning on or about May 9, 2017, Plaintiff participated in CTA's transitional return to work ("TRTW") program for approximately ninety days.

13. While Plaintiff was participating in the TRTW program, he requested reasonable accommodations for his medical condition to Senior Manager Mike Pickens, General Manager Rick Haskins, Manager Tony Green, Manager Jason Porter, and Manager Brenda Cotton. Plaintiff requested that he be relieved of the obligation to drive and that CTA honor his twenty-pound lifting restriction. He also requested that CTA find him an alternate position that would accommodate his restrictions.

14. In or around August 2017, Plaintiff was returned to inactive duty status because he was unable to return to full duty due to his back injury.

15. Around November 2017, Plaintiff spoke to Mike Pickens and again requested that CTA provide him with an alternate position that would accommodate his restrictions.

16. Despite his requests for reasonable accommodations, Defendant failed to engage in the interactive process to find a suitable alternative position that would accommodate his restrictions.

17. On October 8, 2018, Plaintiff's employment was terminated.

## COUNT I
## AMERICANS WITH DISABILITIES ACT: DISABILITY DISCRIMINATION

18. Plaintiff reincorporates and realleges paragraphs 1 through 17 as though more fully set forth herein.

19. At all times pertinent hereto, VICARIO was a member of a protected class, as he was a qualified individual with a disability, consisting of a back impairment.

20. Plaintiff's impairment substantially limited him in the major life activities of lifting, sitting, standing, and driving.

21. On or about October 8, 2018, Defendant terminated VICARIO's employment.

22. Defendant in violation of the provisions of 42 U.S.C. Sec. 12101 et seq. has denied and continues to deny VICARIO an equal opportunity for employment, because of disability.

23. In terminating VICARIO, Defendant wrongfully discriminated against him because of his disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

24. In terminating VICARIO, Defendant maliciously and/or recklessly violated the ADA.

25. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's, policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

26. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

27. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, MICHAEL VICARIO, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices,

policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendants, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT II
## AMERICANS WITH DISABILITIES ACT: RECORD OF IMPAIRMENT

26. The Plaintiff reincorporates and realleges Paragraphs 1 through 17 as though fully set forth herein.

27. The Plaintiff has a history of a back impairment, as defined by the ADA, 42 U.S.C. §12101, 12102 et seq.

28. At all times pertinent hereto, the Plaintiff was a qualified individual with a disability.

29. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

30. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

31. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, MICHAEL VICARIO, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT III
## AMERICANS WITH DISABILITIES ACT:
## REGARDED AS HAVING AN IMPAIRMENT

33. The Plaintiff reincorporates and realleges Paragraphs 1 through 17 of this Complaint at Law as though fully set forth herein.

34. Plaintiff suffered from a back impairment.

35. Plaintiff was regarded as having a disability by Defendant;

36. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

37. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

38. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, MICHAEL VICARIO, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;
2. Permanently enjoin Defendants, their agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;
3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendants, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT: FAILURE TO ACCOMMODATE

40. Plaintiff reincorporates and realleges paragraphs 1 through 17 as though more fully set forth herein.

41. At all times pertinent hereto, VICARIO was a member of a protected class, as he was a qualified individual with a disability, consisting of a back impairment.

42. Defendant was aware of VICARIO's disability.

43. Defendant failed to engage in an interactive process to determine a reasonable accommodation for Plaintiff.

44. Defendant failed to accommodate Plaintiff's disability.

45. On or about October 8, 2018, Defendant terminated VICARIO's employment.

46. Defendant in violation of the provisions of 42 U.S.C. Sec. 12101 et seq. has denied and continues to deny VICARIO an equal opportunity for employment, because of disability.

47. In failing to accommodate and terminating VICARIO, Defendant wrongfully discriminated against him because of his disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

48. In failing to accommodate and terminating VICARIO, Defendant maliciously and/or recklessly violated the ADA.

49. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's, policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

50. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

51. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, MICHAEL VICARIO, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices,

policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendants, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendants' willful conduct; and

9. Grant such other relief as may be just and proper.

**COUNT V – ILLINOIS COMMON LAW RETALIATORY DISCHARGE**

53. VICARIO reincorporates and realleges paragraphs 1 through 17 as though more fully set forth herein.

54. On or around October 18, 2016, VICARIO was in the process of performing his duties and responsibilities for the Defendant when he suffered an on-the-job injury.

55. On or about that date, VICARIO asserted his rights under the Illinois Worker's Compensation Act by pursuing worker's compensation benefits.

56. Defendant terminated Plaintiff on or about October 8, 2018.

57. Plaintiff's discharge violated a clearly mandated public policy of the State of Illinois and 820 ILCS 305/4(h), which states, in relevant part:

"It shall be unlawful for any employer … to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity any employee because of the exercise of his or her rights or remedies granted to him or her under this Act."

58. By terminating VICARIO's employment in retaliation for asserting his statutorily protected rights, the Defendant and its agents and employees acted willfully and intentionally.

59. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, MICHAEL VICARIO, respectfully prays for an entry of judgment against the Defendant, CHICAGO TRANSIT AUTHORITY, an Illinois corporation, in a sum in excess of $75,000.00, as and for compensatory damages, $1,00,00.00 as and for punitive damages, and the costs of this action.

        **Respectfully Submitted,**
        **Plaintiff,**

        **MICHAEL VICARIO**

    By:    /s/ Paul W. Ryan
            One of his attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 West Monroe
Suite 1900
Chicago, IL 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com